**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERTO DELGADO,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
PH-0752-15-0272-I-1

DATE: September 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Roberto Delgado, Philadelphia, Pennsylvania, pro se.

Tierney Stanley, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency terminated the appellant from the excepted service position of Biomedical Equipment Support Specialist during his trial period for inadequate performance. Initial Appeal File (IAF), Tab 6 at 48. The appellant appealed the agency's action. IAF, Tab 1. The administrative judge found that the appellant was not an employee with Board appeal rights because he was serving a trial period in the excepted service. IAF, Tab 8, Initial Decision (ID).

¶3        In his petition for review, the appellant asserts that he was notified of his excepted appointment on March 5, 2014, and that he had therefore completed his 1-year trial period by the date of his termination, March 20, 2015. He also reiterates the assertion that he was terminated in retaliation for his whistleblowing, disclosing gross mismanagement, gross expenditures, and abuse of power. Petition for Review File, Tab 1.

¶4        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a removal. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13, *review dismissed*, 370 F. App'x 85 (Fed. Cir. 2009); *see*

5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d).  A nonpreference-eligible individual in the excepted service is an employee if:  (1) he is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) he has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C)(i)-(ii).

¶5       Here it is undisputed that the appellant was not preference eligible. IAF, Tab 1.  Further, the record reflects that he was serving a trial period, and that he had served in his position for less than 1 year.  Although the appellant may have accepted the position by March 5, 2014, he was appointed to the position effective April 6, 2014.  IAF, Tab 6 at 12.  He was terminated less than 1 year later, effective March 20, 2015.  Id. at 48.  Thus, the administrative judge properly found that the appellant was not an employee and the Board does not have jurisdiction over his appeal.  ID at 4; *see Barrand*, 112 M.S.P.R. 210, ¶ 13.

¶6       Even though the Board lacks jurisdiction to review the termination as an otherwise appealable action, the appellant may request review of such an agency action in an individual right of action (IRA) appeal under the Whistleblower Protection Act.  *See Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007); 5 U.S.C. § 1221.  The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶7       Here, the administrative judge informed the appellant of his burden to prove jurisdiction over his allegation that he was removed in retaliation for whistleblowing as an IRA appeal.  IAF, Tab 3.  The appellant has failed to meet his jurisdictional burden because he has not shown that he filed a complaint with

OSC, and therefore has not shown that he exhausted his administrative remedies. *See Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶ 6 (2006). Thus, the administrative judge properly found that this appeal is not an IRA appeal within the Board's jurisdiction. ID at 4.

¶8      Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request

---

[2] The administrative judge afforded the appellant mixed-case review rights. ID at 8-10. However, in the absence of Board jurisdiction, this is not a mixed-case appeal. We have provided the appellant the proper review rights here. *See*, *e.g.*, *Calixto v. Department of Defense,* 120 M.S.P.R. 557 (2014).

review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.